CASANUEVA, Judge.
In this consolidated appeal, Discovery Experimental and Development, Inc., and James T. Kimball, its chief executive officer (Discovery), challenge the dismissal on immunity grounds of their respective claims. We reverse only the dismissal of the misappropriation of trade secrets count alleged against the Department of Health and Rehabilitative Services, now known as the Department of Health (DOH). We affirm the order of dismissal as to the remaining counts.
In 1993, employees of DOH, in conjunction with other state and federal agencies, participated in a search of Discovery’s business premises and seizure of various items. Subsequently, DOH instituted a civil action against Discovery alleging a violation of the provisions of chapter 499, Florida Statutes (1993). Discovery then counterclaimed against DOH, alleging DOH had misappropriated trade secrets by disclosing Discovery’s proprietary information to a competitor (count one), and that DOH negligently investigated and undertook enforcement action against it (count two). Additionally, Discovery initiated a third party action against DOH employees, Jerry Hill, Greg Jones, and Deborah Orr, alleging that each maliciously and illegally investigated and conducted enforcement activities against Discovery, and violated Discovery’s constitutional rights of due process and equal protection (counts three through five). Mr. Kimball separately filed a similar counterclaim against DOH and third party action against DOH’s employees and added a fourth person to his third party action, Robert Daniti, in-house counsel for DOH’s Division of Pharmacy Services. In response, all appellees moved to dismiss the various causes of action, alleging immunity from suit. The trial court granted relief and these appeals ensued.
When a person sues the State of Florida through one of its governmental arms, as here, and the State defends on the grounds of governmental immunity, the court begins a particular, but familiar, analysis of the governmental function at issue in an effort to respect the separation of powers doctrine from which governmental immunity derives. See Kaisner v. Kolb, 543 So.2d 732 (Fla.1989). Constitutionally, the judicial branch of government, through actions in tort, is generally not permitted to infringe upon the proper functioning of its co-equal, the executive branch. This separation permits the executive branch to. perform certain governmental activities without fear of being sued. See Trianon Park Condominium Ass’n v. City of Hialeah, 468 So.2d 912 (Fla.1985). Here, Discovery alleged that DOH misappropriated its trade secrets in violation of the Uniform Trade Secrets *518 Act, chapter 688, Florida Statutes (1993). Discovery alleged that DOH had acquired during the search of its premises certain information, including formulas and techniques, and had wilfully and maliciously disclosed this information to a competitor causing Discovery economic damages. In order to defeat Discovery’s claim on grounds of immunity, DOH must establish that the governmental action at issue is a discretionary function, which is immune, in contrast to an operational function, which is not immune. See Kaisner v. Kolb, 543 So.2d at 736; Trianon Park, 468 So.2d at 918; Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla.1979). An operational function is “one not necessary to or inherent in policy or planning, that merely reflects a secondary decision as to how those policies or plans will be implemented.” Kaisner v. Kolb, 543 So.2d at 737.
The identification and classification of these functions is difficult, so courts answer four analytical questions to distinguish between discretionary and operational functions. See Commercial Carrier Corp. v. Indian River Co., 371 So.2d at 1019 (citing Evangelical United Brethren Church v. State, 67 Wash.2d 246, 407 P.2d 440 (1965)). The first inquiry is whether the challenged act necessarily involves a basic governmental program or policy. Because we review a dismissal of counterclaims and third party claims, we must take all well-pleaded allegations as true at this stage of the proceedings. Discovery challenges DOH’s act of disclosing proprietary information as a violation of the Uniform Trade Secrets Act; therefore, this first question must be answered in the negative because we cannot conceive that divulging to a competitor protected information obtained in a proper regulatory manner is a basic governmental program or policy.
The second inquiry is whether the questioned act is essential to the realization or accomplishment of the governmental program. The answer to this question is also clearly in the negative. The third inquiry is whether the disclosure of the information is an exercise of basic policy evaluation and expertise on the part of the governmental agency involved. Under these circumstances, we answer this inquiry in the negative, too. The final inquiry is whether the governmental conduct in question involves a constitutional, statutory, or other lawful authority and duty. Again, we answer the question in the negative.
The alleged release of Discovery’s proprietary information is neither necessary to a governmental policy determination nor inherent in governmental planning. Accordingly, we hold that the challenged governmental conduct is operational in nature and DOH is not entitled to immunity. Like a private individual under similar circumstances who comes into possession of trade secrets, DOH may be held liable for a violation of chapter 688. See Trianon Park, 468 So.2d at 917-18.
Because the remaining counts clearly deal with immune governmental functions in regulating the pharmaceutical industry, or involve employees in the proper conduct of their official duties, we affirm the dismissal of the remaining counts without further discussion.
Affirmed in part; reversed in part; and remanded with instructions.
ALTENBERND, A.C.J., and DANAHY, PAUL W., (Senior) Judge, Concur.